[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Danny J. Hall, age 31, and the defendant, Marianne R. Hall, age 30, whose maiden name was Marianne R. Bendoraitis were married on April 27, 1990 at Harwinton, Connecticut. There are no minor children issue of this marriage although the plaintiff is the father of a child born to another married woman. The marriage is irretrievably broken down and there is no hope of reconciliation.
The parties met when the plaintiff was seventeen and the defendant sixteen. They were engaged from 1985 to 1990 although their relationship was not a smooth one at all times. At the time of this marriage, the defendant was employed at Security Life Insurance Company earning $30,000 to $35,000 per year. After marriage, the wife left her employment and thereafter worked full time in her husband's roofing business. This business has been quite successful but much of the income received in cash has not CT Page 5622 been reported. For 1990 the business tax returns show gross of $150,361.00; with a net of $35,031.00; 1991 gross $182,226, and a net of $52,353; 1993, gross $198,891, net $29,979; 1995 gross $239,584, and a net of $78,771. No returns have been filed for 1994, 1995, or 1996.
The plaintiff now claims weekly income from his business of $1,079 and the defendant $649 weekly as a district manager for Avon Products. The parties are joint owners of a condominium in Torrington, 303 Village Drive, a house at the Cape, Ocean Drive, Dennisport and property in Zephyrhills, Florida. The Torrington property has an equity of $13,000.00, the Massachusetts property $14,000.00 and the Florida property $10,000.00. The plaintiff owns a Lincoln automobile valued at $5,500.00, a pick up truck $400.00, a motorcycle valued at $1,500.00; a Ford Ranger valued at $4,000.00 and a Toyota pick up valued at $1,400.00. The defendant owns a Honda car valued at $10,000. The parties also own a boat valued at $5,000.00 a camper, $5,000.00 and firearms $5,000.00. The plaintiff claims debts of $896, $633 including income taxes, Visa, American Express; Master Card and Discover Card. It is apparent to the court that with proper management, the plaintiff could satisfy his financial obligations with the potential his business has demonstrated. There are bills on the Massachusetts property of $988 for electricity, gas, taxes and insurance and the defendant was forced to pay a car bill of $157.25.
Approximately a year after the marriage, and continuing until 1995, the parties engaged in extramarital affairs. These so called "games" involving couples switching was instigated primarily by the plaintiff. The defendant consented to these affairs, but felt coerced and manipulated by her husband. While the court does not condone the defendant's conduct, it does accept her testimony that it was pressure by her husband that caused her to submit in the first place and participate for a period of time. As a result of encounters on or about New Year's Eve in 1995, the defendant and the wife of the other couple became pregnant. The defendant suffered a miscarriage but the other wife delivered a baby girl, which the plaintiff has acknowledged to be his child. The defendant refused any further "games" and requested her husband to refrain from contact with the child which he refused to do.
During the course of the illicit sex, the defendant learned that the plaintiff was having relations with at least four other CT Page 5623 women. This knowledge coupled with his fathering a child, and wanting to bring her to his home caused a great strain on the defendant and materially contributed to the breakdown. There was also at least one occurrence of physical violence. The other major cause of the breakdown was the plaintiff's gambling. From the evidence, it is clear that during the course of the marriage, the plaintiff lost $188,000.00. Much of this was financed by the use of credit cards.
The plaintiff has removed certain property including a bike rack, a refrigerator, a stair steppe. The defendant wife also wants the return of her diamond rings and a diamond wrist watch.
Based upon the evidence and the provisions of general statute46b-81 the court finds that the marriage has irretrievably broken down and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The plaintiff shall transfer all of his right, title and interest in the Ocean Drive, Dennisport, Massachusetts property and the Zephyrhills, Florida property to the defendant and the defendant will be responsible for the mortgages and other expenses associated with these properties and shall indemnify and hold the plaintiff harmless thereon. The plaintiff shall insure that all financial obligations of the parties associated with these properties shall be current.
3. The defendant shall transfer all of her right, title and interest in the 303 Village Drive, Torrington property to the plaintiff and the plaintiff will be responsible for the mortgage and expenses associated with that property and shall indemnify and hold the defendant harmless thereon.
4. The plaintiff shall be responsible for and indemnify and hold the defendant harmless from any claim on account of additional tax, interest, penalty or adjustment on any joint income tax return heretofore filed, except to the extent that any such claim or liability is attributable to the income of the defendant not known to the plaintiff and not reflected in such return.
5. The defendant shall retain her 1990 Honda automobile and the plaintiff shall retain all of his vehicles. The parties shall CT Page 5624 execute whatever documents are necessary to transfer title or registration and the party who retains ownership of the respective automobiles shall be responsible for the payment of any loans on said vehicles and shall indemnify and hold the other harmless thereon.
6. The defendant shall receive ownership of the camper. The plaintiff shall execute whatever documents are necessary to transfer ownership and registration of the camper to the defendant.
7. The personal property which is presently located in the Massachusetts and Florida properties, or which was there prior to removal by the plaintiff, shall be returned and shall remain at those locations and be the property of the defendant. The plaintiff shall immediately return to the defendant her two diamond rings and her diamond watch. The defendant shall be permitted to inventory the personal property located in the Torrington property. The defendant may bring a third party of her choice to said inventory. The defendant shall then produce a list of personal property she seeks. If the parties cannot agree to a distribution of the Torrington personal property, the issue shall be returned to court for a determination.
8. A. The plaintiff shall pay to the defendant as lump sum alimony the sum of Forty Eight Thousand Dollars (48,000.00) payable at the rate of $1,000 per month on or before the 5th day of each month commencing June, 1997.
B. The plaintiff shall pay to the defendant $1,050.00 on or before June 15, 1997.
9. The parties shall each pay the other One Dollar ($1.00) per year as periodic alimony which shall be nonmodifiable except in the event either party defaults on their financial obligations set forth herein and the other party is responsible for making payments on those liabilities.
10. Each party shall be responsible for the liabilities in their individual names and shall indemnify and hold the other harmless thereon.
11. The plaintiff shall pay to the defendant $7,500.00 toward her attorney fees on or before June 15, 1997. CT Page 5625
12. Except to the extent necessary to carry out the orders set forth herein, the plaintiff shall be permanently restrained from having any contact whatsoever with the defendant and from engaging a third party to contact the defendant.
13. The defendant shall be restored her maiden name of Marianne R. Bendoraitis.
HON. WALTER M. PICKETT, JR. State Judge Referee